## Appeal of Sunrise Properties, Inc.

*Michael Handler,* for petitioner.
*Kim C. Kesner,* for respondent.

REILLY, *P.J.,* June 2, 1983—During 1982, the Commissioners of Clearfield County properly proposed and adopted a resolution altering the predetermined ratio upon which assessment values for real property are based from 40 percent to 75 percent to be effective during the calendar year of 1983. On June 28, 1982, the Clearfield County Board of Assessment and Revision of Taxes (hereinafter the board) sent a notice of change of assessment ratio to Sunrise Properties, Inc. (hereinafter taxpayer) with regard to a shopping center owned by taxpayer in the City of DuBois, Clearfield County, Pa. At the same time, similar notices were also sent out to all real estate owners in Clearfield County concering the change in the predetermined ratio and its effect on the assessed value of their properties.

On August 10, 1982, taxpayer filed with the board a notice of taxpayer's intent to appeal the real estate assessment on said shopping center for the calendar year 1983. On October 27, 1982, the board dismissed taxpayer's appeal as being untimely filed, ruling that under the Fourth to Eighth Class County Assessment Law, 72 P.S. §5453.701(c)(2), taxpayer's appeal should have been filed on or before

July 28, 1982. As a result, the board declined to consider the merits of said appeal.

On November 18, 1982, taxpayer filed with this court a petition for appeal pursuant to section 704 of the Act, 72 P.S. §5453.704. Thereafter the board filed preliminary objections to said petition on the ground that as taxpayer had failed to timely perfect an appeal before the board, any further appeal is thereby barred. The matter is now before this court on said preliminary objections.

The court notes initially that the Fourth to Eighth Class County Assessment Law provides for three distinct periods for appeal from an assessment depending on the circumstances thereof. 72 P.S. §5453.701. When, however, there is a county-wide revision of assessments, the exclusive period for an appeal is contained within section 701(c) of said Act, which period is 30 days from the date of the taxpayer's receipt of the notice of the revision. If this section applies to the instant matter, then taxpayer's petition for appeal must be dismissed since there is no dispute that taxpayer's appeal was not filed within that time period. The primary issue for decision by this court, then, is whether a change in the predetermined ratio is a county-wide revision of assessments within the meaning of the Act.

While taxpayer does not challenge the propriety of the change in the predetermined ratio by the Commissioners, it nevertheless argues that the same is not a "county-wide revision of assessments" within the meaning of the act despite the fact that the said change affects all property within the County. Along these lines it is taxpayer's contention that by the phrase "county-wide revision of assessments", the legislature contemplated a revision by the county of the actual values of all properties within the county upon which assessments are based,

and not a mere change in the predetermined ratio.

It is, however, clear to this court from a reading of section 602(a) of the Act, 72 P.S. §5453.602(a), that assessment value is a function of both the actual value of a property *and* the predetermined ratio. A change in the predetermined ratio for the county would, therefore, necessarily result in a county-wide revision of assessments. Under the plain terms of the act, then, section 701(c) applies to this matter and taxpayer is limited to the 30 day appeal period provided therein.

Taxpayer next argues that even if this court does hold that section 701(c) applies, its appeal is nevertheless not barred thereby because the board failed to follow the notice requirements of that section. This court is, however, satisfied after reviewing the notice sent in this matter that substantial compliance was achieved.

Wherefore, the court enters the following

## ORDER

Now, June 2, 1983, upon consideration of respondent's preliminary objections to the petition for appeal filed in this matter, it is the order of this court that the same be and are hereby sustained and that the said petition for appeal be and is hereby dismissed in accordance with the court's memorandum filed herewith.